**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shuntrice Timmons,<br><br>    Plaintiff,<br><br>v.<br><br>ELCO Administrative Services, et al.,<br><br>    Defendants. | CIV. 13-00846-PHX-PGR<br><br>**ORDER** |

Before the Court is Defendant ELCO Administrative Services' motion to dismiss Plaintiff's claim for aiding and abetting. (Doc. 9.) Plaintiff filed a response in opposition (Doc. 13), to which Defendants replied (Doc. 14). Having reviewed the pleadings, and determined that oral argument is unnecessary, the Court issues the following Order.

## BACKGROUND

Plaintiff filed a complaint in Maricopa County Superior Court on March 25, 2013. (Doc. 1, Ex. A.) Defendant removed the case on April 25, 2013. (Doc. 1.)

According to the complaint, Angela Sockwell rented a vehicle from Defendant Enterprise Leasing Company of Phoenix, LLC ("Enterprise Leasing"), on November 6, 2010. (*Id.*, Ex. A,. ¶ 7). Pursuant to her rental agreement, Sockwell added Equalown Lorthridge as an additional authorized driver. (*Id.*, ¶ 10). Sockwell allowed Lorthridge to operate the vehicle under the influence of alcohol, and Lorthridge negligently caused an accident, injuring Plaintiff, who was a passenger in the vehicle. (*Id.*, ¶¶ 13-18). Plaintiff alleges she

made insurance coverage demands under the rental agreement to Enterprise Leasing's third party claims administrator, ELCO, and ELCO declined to provide coverage based on the terms of the rental agreement. (*Id.*, ¶¶ 20–42).

On March 25, 2013, after receiving an assignment of rights from Sockwell and Lorthridge, Plaintiff filed suit against Enterprise Leasing and ELCO. (*Id.*, ¶ 44–54). Plaintiff's Complaint alleges that Enterprise Leasing breached a contract of insurance implied by Arizona law within the motor vehicle rental agreement (Count 1) and breached a duty of good fair and fair dealing (Count 2), and that ELCO aided and abetted Enterprise Leasing's breach of the implied covenant of good faith and fair dealing (Count 3). (*Id.*, ¶¶ 76–82).

## DISCUSSION

ELCO moves to dismiss Plaintiff's aiding and abetting claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 9.) ELCO argues that Plaintiff "fails to state an aiding and abetting claim against ELCO because she does not allege ELCO committed tortious acts separate from those forming the basis of her bad faith claim against Enterprise Leasing." (*Id.* at 3.) The Court agrees. The only tortious act Plaintiff alleges is Enterprise's breach its duty of good faith and fair dealing. This breach is based solely on the fact that ELCO, acting as Enterprises's third-party administrator, denied coverage, allegedly based on an inadequate investigation of the accident.

The Court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the

Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). However, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Three elements are required to establish a claim for aiding and abetting under Arizona law: "(1) the primary tortfeasor must commit a tort that causes injury to the plaintiff; (2) the defendant must know that the primary tortfeasor's conduct constitutes a breach of duty; and (3) the defendant must substantially assist or encourage the primary tortfeasor in the achievement of the breach." *Wells Fargo Bank v. Arizona Laborers et al.*, 201 Ariz. 474, 485, 38 P.3d 12, 23 (2002); *see Young v. Liberty Mut. Group, Inc.*, No. CV-12-2032-PHX-JAT, 2011 WL 840618, at *3 (D.Ariz. March 6, 2013). The third element, substantially assisting or encouraging the primary tortfeasor, requires the secondary tortfeasor to have committed a separate tortious act in concert with the primary tortfeasor. *Young*, 2013 WL 840618, at *2–3. Therefore, to state a claim for aiding and abetting Enterprise Leasing's bad faith, Plaintiff is required to allege ELCO took a separate action in concert with the actions giving rise to the claim against Enterprise. *Id.*

Accepting the facts set forth in the complaint as true, Plaintiff does not allege that ELCO took any action separate and apart from the alleged conduct giving rise to her claims for breach of contract and bad faith against Enterprise Leasing. Instead, Plaintiff's bad faith claim against Enterprise is based entirely on the conduct of ELCO as Enterprise's claims administrator. As in *Young*, Plaintiff's aiding and abetting claim fails because it "alleges only one tortious act: failing, in bad faith, to conduct an adequate investigation and make timely benefit payments." *Young*, 2013 WL 840618 at *3.

In addition, as ELCO notes, the second element of an aiding and abetting claim cannot be satisfied here. Plaintiff must show that ELCO knew the primary tortfeasor's conduct constituted a breach of duty." *Wells Fargo*, 38 P.3d at 23. In this case, however, there is no conduct by the primary tortfeasor because the bad faith claim against Enterprise Leasing is

based entirely on the conduct of ELCO. Therefore, the second element of an aiding and abetting claim cannot be satisfied since ELCO "could not have known about conduct that did not exist." *Young*, 2013 WL 840618 at *4.

**CONCLUSION**

The Court has accepted all material allegations in the complaint as true, and construed them in the light most favorable to Plaintiff. For the reasons set forth above, the complaint does not make out a cognizable legal theory or allege facts sufficient to support a cognizable legal theory with respect to the aiding and abetting claim (Count 3).

Accordingly,

IT IS HEREBY ORDERED granting ELCO's motion to dismiss Plaintiff's claim for aiding and abetting (Doc. 9).[1]

DATED this 16th day of September, 2013.

Paul G. Rosenblatt
United States District Judge

---

[1] ELCO requests attorneys' fees under ARS § 12-341.01(a). (Doc. 9 at 5.) ELCO may file a motion for attorneys' fees and costs in accordance with LRCiv 54.2.

- 4 -